UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COREY M. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | 13 C 6085 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| ROBERT W. WYSOCKI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Corey Smith brought this *pro se* suit under 42 U.S.C. § 1983 against Dr. Robert Wysocki, alleging deliberate indifference to a serious medical condition. Doc. 19. (The court dismissed two other defendants, John H. Stroger, Jr. Hospital and Dr. Ram Raju, on initial review. Docs. 7, 18.) After discovery closed, Dr. Wysocki moved for summary judgment. Doc. 61. The scheduling order required Smith to respond by May 14, 2015. Doc. 66. Smith did not file a response or seek an extension. For the following reasons, Dr. Wysocki's motion is granted.

**Background**

Consistent with the local rules, Dr. Wysocki filed a Local Rule 56.1(a)(3) statement of undisputed facts along with his summary judgment motion. Doc. 62. Each factual assertion in the Local Rule 56.1(a)(3) statement cites evidentiary material in the record and is supported by the cited material. *See* N.D. Ill. L.R. 56.1(a) ("The statement referred to in (3) shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph."). Also consistent with the local rules, Dr. Wysocki filed and served on Smith a Local Rule 56.2 Notice, which explains in detail the requirements of Local Rule 56.1. Doc. 64.

Smith did not file either a Local Rule 56.1(b)(3)(B) response to Dr. Wysocki's Local Rule 56.1(a)(3) statement or a Local Rule 56.1(b)(3)(C) statement of additional facts.

A district court "is entitled to decide [a summary judgment] motion based on the factual record outlined in the Local Rule 56.1 statements." *Koszola v. Bd. of Educ. of City of Chi.*, 385 F.3d 1104, 1109 (7th Cir. 2004) (internal quotation marks and brackets omitted); *see also Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings."); *Patterson v. Ind. Newspapers, Inc.*, 589 F.3d 357, 360 (7th Cir. 2009) ("We have repeatedly held that the district court is within its discretion to strictly enforce compliance with its local rules regarding summary-judgment motions."); *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809 (7th Cir. 2005) ("We have … repeatedly held that a district court is entitled to expect strict compliance with Rule 56.1.") (internal quotation marks and alteration omitted). Whether they seek or oppose summary judgment, parties have a right to expect that Local Rule 56.1 will be enforced and that facts not properly presented under the rule will be disregarded. *See Renta v. Cnty. of Cook*, 2011 WL 249501, at *1-2 (N.D. Ill. Jan. 26, 2011). Smith's status as a *pro se* litigant does not excuse him from complying with Local Rule 56.1. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *Coleman v. Goodwill Indus. of Se. Wis., Inc.*, 423 F. App'x 642, 643 (7th Cir. 2011) ("Though courts are solicitous of pro se litigants, they may nonetheless require strict compliance with local rules."); *Wilson v. Kautex, Inc.*, 371 F. App'x 663, 664 (7th Cir. 2010) ("strictly enforcing Local Rule 56.1 was well within

the district court's discretion, even though Wilson is a pro se litigant") (citations omitted); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("even *pro se* litigants must follow rules of civil procedure").

Accordingly, the court will accept as true the facts set forth in Dr. Wysocki's Local Rule 56.1(a)(3) statement, viewing those facts and the inferences therefrom in the light most favorable to Smith. *See* N.D. Ill. L.R. 56.1(b)(3)(C) ("All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010); *Rao v. BP Prods. N. Am., Inc.*, 589 F.3d 389, 393 (7th Cir. 2009) ("In accordance with a local rule, the district court justifiably deemed the factual assertions in BP's Rule 56.1(a) Statement in support of its motion for summary judgment admitted because Rao did not respond to the statement."); *Cady*, 467 F.3d at 1061; *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006); *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 943-44 (7th Cir. 2005); *Koszola*, 385 F.3d at 1108-09; *Smith v. Lamz*, 321 F.3d 680, 682-83 (7th Cir. 2003). That said, the court is mindful that "a nonmovant's failure to … comply with Local Rule 56.1 … does not … automatically result in judgment for the movant. The ultimate burden of persuasion remains with [the movant] to show that [he] is entitled to judgment as a matter of law." *Raymond*, 442 F.3d at 608 (internal citation omitted). The court therefore will recite the facts in Dr. Wysocki's Local Rule 56.1(a)(3) statement and then determine whether, on those facts, he is entitled to summary judgment.

Two parties remain in the case. Smith was a pretrial detainee at Cook County Jail from September 7, 2012 to October 22, 2012. Doc. 62 at ¶ 1. Dr. Wysocki has served as a physician at John H. Stroger, Jr. Hospital of Cook County since 2009. *Id*. at ¶ 3.

On August 29, 2012, about one week before he entered the Jail, Smith's right wrist was injured. *Id*. at ¶ 4. He went to Jackson Park Hospital, where his wrist was placed in a splint and a sling. *Id*. at ¶ 5. Smith was discharged and told to return in one week to consult with an orthopedic surgeon. *Id*. at ¶ 6.

On September 7, 2012, before he was able to return to Jackson Park Hospital, Smith was placed in Cook County Jail after being arrested on an outstanding warrant. *Id*. at ¶ 7. On October 1, Smith received treatment for his wrist at Stroger Hospital, which provides medical services to Cook County Jail detainees. *Id*. at ¶¶ 8-9. Dr. Wysocki oversaw Smith's treatment that day. *Id*. at ¶¶ 10, 14. After obtaining x-rays, Dr. Wysocki ordered that Smith's wrist be placed in a cast, with the possibility of surgical intervention to be discussed three weeks later. *Id*. at ¶¶ 15-16. Dr. Wysocki determined that immediate surgical intervention would not be appropriate due to swelling in the soft tissue surrounding the wrist, but Smith strongly believed that immediate surgery was the appropriate course of treatment. *Id*. at ¶¶ 17-20.

John Mueller, the Deputy Director of Inmate Services at Cook County Jail, assists in the administration of the inmate grievance process and is familiar with general orders, Sheriff orders, rules, regulations, policies, customs and practices of the grievance process. *Id*. at ¶ 22. Cook County Jail "Inmate Grievance Procedure" Sheriff Order 11.14.5 governs the administrative grievance process. *Id*. at ¶ 23. The Inmate Grievance Procedure was available to all inmates in 2012, and requires that an inmate properly file a grievance and appeal any adverse decision on a grievance before filing a lawsuit. *Id*. at ¶¶ 24-25. Smith understands how the grievance process works and how to file a grievance. *Id*. at ¶ 27.

Each grievance processed at the Jail, along with the inmate's name and IMACS number, must be entered into the Master Grievance logbook or database, both of which are kept in the

ordinary course of business. *Id*. at ¶ 26. Mueller thoroughly reviewed the logbook and database for any grievances filed by Corey Smith, IMACS# 2012-0908167. *Id*. at ¶ 28. The review showed that Smith did not file any grievances in 2012. *Id*. at ¶ 29. Smith admitted at his deposition that he did not file a grievance at any point about the treatment he received from Dr. Wysocki. *Id*. at ¶ 30.

## Discussion

Smith alleges that Dr. Wysocki was deliberately indifferent to his serious medical condition. *Id*. at ¶ 2. Dr. Wysocki seeks summary judgment on the merits and also on the ground that Smith failed to exhaust his administrative remedies prior to filing suit. Only exhaustion need be considered.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal quotation marks and emphasis omitted). To satisfy the exhaustion requirement, a prisoner "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The exhaustion requirement applies to pretrial detainees like Smith. *See* 42 U.S.C. § 1997e(h) ("As used in this section, the term 'prisoner' means any person … detained in any facility who is *accused of* … violations of criminal law.") (emphasis added); *Burton v. Ruzicki*, 258 F. App'x 882, 885 (7th Cir. 2007); *Twitty v. McCoskey*, 226 F. App'x 594, 596 (7th Cir. 2007); *Curtis v. Timberlake*, 436 F.3d 709, 711-12 (7th Cir. 2005).

5

The record indisputably establishes that Smith did not exhaust his administrative remedies, and having not responded to Dr. Wysocki's summary judgment motion, he offers no justification for his failure to exhaust. Dr. Wysocki accordingly is entitled to summary judgment on Smith's claims. Because the judgment rests on exhaustion grounds, the dismissal is without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("*all* dismissals under § 1997e(a) should be without prejudice"); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar the reinstatement of the suit unless it is too late to exhaust.").

In so holding, the court recognizes that the Seventh Circuit prefers that exhaustion issues be resolved, if necessary in an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), before the parties conduct merits discovery and move for summary judgment. *See White v. Bukowski*, __ F.3d __, 2015 WL 5101049, at *1 (7th Cir. Sept. 1, 2015); *Wagoner v. Lemmon*, 778 F.3d 586, 591-92 (7th Cir. 2015). However, although Dr. Wysocki raised exhaustion as an affirmative defense, Doc. 36 at 7, he did not otherwise alert the court, before discovery closed and he moved for summary judgment, of his intent to seek judgment on exhaustion grounds. Under these circumstances—where the defendant pleads exhaustion as an affirmative defense yet does not press for judgment on exhaustion grounds before conducting merits discovery and then moving for summary judgment, and where "there is no indication that [the defendant's] delay in pursuing that defense harmed [the plaintiff]"—it is appropriate to consider exhaustion at summary judgment. *White*, 2015 WL 5101049, at *1. And where the lack of exhaustion is clear from the undisputed record, it of course is appropriate to resolve the issue in the defendant's favor. *See Wagoner*, 778 F.3d at 588; *Bruce v. Ghosh*, 2015 WL 1727318, at *5 (N.D. Ill. Apr. 13, 2015).

## Conclusion

For the foregoing reasons, Dr. Wysocki's summary judgment motion is granted, and Smith's claims against him are dismissed without prejudice. Final judgment will be entered. If Smith wishes to appeal, he must file a notice of appeal with this court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Smith appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Smith could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). If Smith seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this court. *See* Fed. R. App. P. 24(a)(1).

Smith need not bring a motion to reconsider this court's ruling to preserve his appellate rights. However, if Smith wishes the court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the

deadline for filing an appeal until the Rule 60(b) motion is ruled upon *only* if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

September 2, 2015 _____
United States District Judge